IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HURRICANE SHOOTERS, LLC,

    Plaintiff,

v.                                        CASE NO. _____

CUP SOLUTIONS, INC., a Minnesota
Corporation,

    Defendant.
_____/

## COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND

Plaintiff HURRICANE SHOOTERS, LLC ("HURRICANE SHOOTERS") by and through its undersigned counsel, states for its Complaint against Defendant CUP SOLUTIONS, INC. as follows:

### THE PARTIES

1.     HURRICANE SHOOTERS is an entity organized and existing under the laws of the State of Florida with its principal place of business at 1617 Barber Road, Sarasota, Florida 34240.

2.     Upon information and belief, Cup Solutions, Inc. is an entity organized and existing under the laws of New Jersey, with its principal place of business in New Brunswick, New Jersey.

### NATURE OF THE ACTION

3.     This is an action for patent infringement.

4.     Cup Solutions, Inc. has infringed, and actively induced others to infringe, U.S. Patent No. 7,243,812 entitled "Plural Chamber Drinking Cup" ("the '812 Patent," copy attached

as Exhibit A) which is assigned to HURRICANE SHOOTERS. Cup Solutions continues to infringe, and actively induce others to infringe, the '812 Patent.

## JURISDICTION

5. This action arises under the Patent laws of the United States, 35 U.S.C. §§1 *et. seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a).

## PERSONAL JURISDICTION AND VENUE

6. The Court has personal jurisdiction over Cup Solutions because Cup Solutions has committed acts in violation of the Patent Laws of the United States, namely 35 U.S.C. §§271 *et seq.* within this District.

7. More specifically, Cup Solutions has infringed the '812 Patent within this District, and/or has actively induced acts of infringement by others of the '812 Patent within this District by, on information and belief, knowingly and intentionally directing, acting in consort with, and/or encouraging others to commit such acts of infringement.

8. The Court also has personal jurisdiction over Cup Solutions because Cup Solutions maintains continuous and systematic contacts with this District.

9. For example, on information and belief, Cup Solutions has sold products referred to as "Yaagbomb Cups" to residents of this District for many years, both for resale and for consumption.

10. Venue is proper in this Court under 28 U.S.C. §§1391(b), (c) and (d) and/or 1400(a) because Cup Solutionsis a corporation, limited liability company, or entity subject to personal jurisdiction in the Middle District of Florida.

11. Further, HURRICANE SHOOTERS engages in substantial research, development, and manufacturing related to the '812 Patent in this District.

12. Yet further, both inventors named in the '812 Patent, Bryan D. Mansfield and Ricky R. Lambert, are residents of this District.

## FACTUAL BACKGROUND

13. HURRICANE SHOOTERS is the market leader in the design of cups that allow at least two beverages to be combined in a single serving including, for example, the combination of an alcoholic beverage and a sports or energy drink.

14. HURRICANE SHOOTERS' cups incorporate features claimed under the '812 Patent that have resulted in the commercial success of the cups.

15. Cup Sollutionsand others have attempted to take advantage of the popularity of HURRICANE SHOOTERS' commercially successful cups by suing manufacturing, offering for sale, selling and/or distributing or inducing others to use, manufacture, offer for sale, sell and/or distribute cups that infringe the '812 Patent.

16. On information and belief, Cup Sollutions has offered cups for sale, distribution or use through their web sites and/or other marketing channels.

## STANDING

17. The '812 Patent was duly and legally issued by the U.S. Patent and Trademark Office on July 17, 2007, after a full and fair examination.

18. HURRICANE SHOOTERS is the assignee of all rights, title and interest in and to the '812 840 Patent and possesses all rights of recovery under the '812 Patent, including the right to sue for infringement and recover past damages.

## COUNT I:

## INFRINGEMENT OF U.S. PATENT NO. 7,243,812 BY CUP SOLUTIONS, INC.

19. HURRICANE SHOOTERS refers to and incorporates herein the allegations of paragraphs 1 through 18 above.

20. On information and belief, the Cup Solutions Yaagbomb Cup infringes one or more claims of the '812 Patent.

21. On information and belief, Cup Solutions knows, or should have known, the Yaagbomb Cup infringes one or more claims of the '812 Patent.

22. On information and belief, Cup Solutions was aware of the existence of the '812 Patent and knew or should have known that at least one claim of the '812 Patent was infringed by the Yaagbomb cup.

23. On information and belief, Cup Solutions offers to sell the Yaagbomb cup constitutes an act of direct infringement of the '812 Patent.

24. On information and belief, Cup Solution's manufacture of the Yaagbomb cups constitutes an act of direct infringement of the '812 Patent.

25. On information and belief, Cup Solution's distribution of the Yaagbomb cups constitutes an act of direct infringement of the '812 Patent.

26. On information and belief, Cup Solution's intentional, knowing and deliberate acts have had the effect of generating sales of cups that Cup Solutions knew, or should have known, infringed at least one claim of the '812 Patent to the commercial detriment of HURRICANE SHOOTERS.

27. On information and belief, Cup Solution's marketing, sale and/or distribution of a cup similar to the Hurricane Shooter's cup constitutes an act of direct infringement of the '812 Patent.

28. On information and belief, Cup Solution's encouragement of others to market, sell and distribute similar versions of the Yaagbomb cup have had the effect of generating sales of cups that Cup Solutions knew, or should have known, infringed at least one claim of the '812 Patent to the commercial detriment of HURRICANE SHOOTERS.

29. HURRICANE SHOOTERS is entitled to recover from Cup Solutions the damages sustained by HURRICANE SHOOTERS as a result of Cup Solution's wrongful acts in an amount subject to proof at trial, including, but not limited to, an amount that takes into consideration the gross sales and revenue related to the manufacture, sale and distribution of infringing cups by Cup Solutions and Cup Solution's licensees and/or dealers.

30. Upon information and belief, Cup Solution's infringement of the '812 Patent has been willful and deliberate, entitling HURRICANE SHOOTERS to increased damages and to attorney's fees, including those governed by 35 U.S.C. §§284 and 285 of the Patent Statutes of the United States.

31. Cup Solution's infringement of HURRICANE SHOOTERS' rights under the '812 Patent will continue to damage HURRICANE SHOOTERS, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court

## PRAYER FOR RELIEF FOR COUNT I

32. WHEREFORE, HURRICANE SHOOTERS asks this Court to enter judgment in its favor against Cup Solutions and grant the following relief:

A. An adjudication that Cup Solutions has infringed or actively induced infringement of the '812 Patent;

B. An accounting of all damages sustained by HURRICANE SHOOTERS as a result of Cup Solution's acts of infringement, including, but not limited to, an accounting of an amount that takes into consideration the gross sales and revenue related to the manufacture, sale and distribution of cups by Cup Solutions or any licensee of Cup Solutions.

C. An award to HURRICANE SHOOTERS of actual damages adequate to compensate HURRICANE SHOOTERS for Cup Solution's infringing acts together with prejudgment post-judgment interest, including an award that takes into consideration the entire market value of the '812 Patent for cups and other products and services that are normally used, provided, sold or distributed at the same time as cups are provided, sold or distributed;

D. An award to HURRICANE SHOOTERS of enhanced damages, up to and including trebling of HURRICANE SHOOTERS' damages for Cup Solution's willful infringement, including damages in accordance with 35 U.S.C. §284;

E. An award of HURRICANE SHOOTERS' costs of suit and reasonable attorneys' fees due to the exceptional nature of this case, or as otherwise permitted by law, including those in accordance with 35 U.S.C. §285;

F. A grant of permanent injunction enjoining Cup Solutions, and its agents, servants, employees, principals, officers, attorneys, successors, assignees, and all those in active concert or participation with them, including related individuals and entities, customers, representatives, OEMS, licensees, dealers, and distributors from further acts of (1)

infringement, (2) contributory infringement, and (3) active inducement to infringe claims of the '812 Patent as provided for in 35 U.S.C. §283 or other authority; and

G.  Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Civil Local Rule 1.06, HURRICANE SHOOTERS demands a trial by jury on all issues so triable in this matter.

Dated: _____

_____
Frank R. Jakes, FBN 372226
Joseph J. Weissman, FBN 0041424
JOHNSON, POPE, BOKOR,
 RUPPEL & BURNS, LLP
403 E. Madison Street, 4th Floor
Tampa, FL  33602
(813) 225-2500
(813) 223-7118 (Fax)
E-Mail: frankj@jpfirm.com
TRIAL COUNSEL FOR PLAINTIFF

133951